UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL STAMPS, | Case No. 1:13 cv 01181 GSA PC |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| CDCR, et al., | |
| Defendants | AMENDED COMPLAINT DUE IN THIRTY DAYS |

I.      **Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 5, 2013 (ECF No. 5).

1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and

Rehabilitation (CDCR) at the California Health Care Facility at Stockton, brings this action

against officials employed by the CDCR at the Sierra Conservation Center (SCC).  Plaintiff

names as defendants the following individuals: CDCR Director Jeffrey Beard; SCC Wardens

Heidi Lackner and Frank Chavez; SCC Community Resource Manager Margo Wilkerson;

Appeals Coordinator M. Baldwin; Chaplain Little Johns; Director of Adult Institutions Kathleen

Dickinson; Mailroom Supervisor Doe 1; Religious Review Committee Doe 2 and Correctional

Officer Hanson.  Plaintiff's claims stem from interference with his ability to exercise his

religious beliefs.

Plaintiff sets forth claims under the First Amendment (Free Exercise and Establishment

Clauses), Fourteenth Amendment, the Religious Land Use and Institutionalized Persons Act

(RLUIPA), and California law.

Plaintiff alleges that in December of 2008, a chaplain failed to allow Plaintiff to practice his religious beliefs.  Plaintiff practices the Asatru/Odonic faith.   An inmate grievance was initiated, but Defendant Littlejohns refused to accept the grievance and told Plaintiff to address his concerns to Defendant Wilkerson.

On January 6, 2009, members of the Asatru/Odonic faith met with Wilkerson to discuss chapel times, calendar dates and the failure to issue priority ducats for special functions. Plaintiff alleges that his requests were denied .  On the same date, the practitioners requested the use of land for an outdoor worship area.  This request was denied by Defendant Wilkerson.

Plaintiff alleges that on March 9, 2009, book requests by the practitioners of the Asatru inmates was resubmitted and re-ordered twice by Defendant Littlejohns, an inconvenience not suffered by practitioners of other faiths.   Plaintiff alleges that on May 11, 2009, a book order arrived.  Plaintiff alleges that "[T]he order was sent to the lower yard and inmates on C Facility (Tuolumne yard) received used books from the lower yard, level I and II."  Plaintiff contends that this is the type of discrimination that he is forced to endure from Defendants Littlejohn and Wilkerson.  On the same day, Defendant Baldwin screened out an inmate grievance because too much time had elapsed.  Plaintiff alleges that the time limit is discretionary and thus, this denial was "another link in the long chain of events" to deprive the Asatru/Odonic right to practice their religion.

Regarding a request for a banquet, on June 1, 2009, Defendant Littlejohns indicated that there would not be a meeting on June 8, 2009, or a banquet on June 21, 2009, because there was no sponsor.  Plaintiff contends that custody staff could have been assigned to oversee the banquet, and the faith does not require a church sanctioned person to oversee their functions.

In October 2009, Plaintiff had a discussion with Defendant Littlejohns about the use of a lighter to burn sage.  Defendant Littlejohns denied the request.

In March 2010, Defendant Littlejohns escorted members of the Asatru/Odonic faith to the visiting room for "BLOT."  However, they were denied an outdoor cemetery.

On April 3, 2010, staff refused to allow Asatru/Odonic members to attend service.

3

On April 5, 2010, Defendant Littlejohns threatened that if members continued to curse during service, he would no longer sponsor services.  Members agreed, but Plaintiff contends that this denied him freedom of expression and placed an unreasonable burden on the practice of his religion.

On April 17, 2010, CDCR issued a change to the regulations that required prison staff to allow practitioners excused time off.  However, SCC does not allow excused time off and practitioners do not leave work for fear of losing their jobs.

On April 18, 2010, Defendant Lackner, while working at Mule Creek State Prison, received a request for creation of a job position.  Plaintiff alleges that Defendant Lackner "had knowledge of the needs of non-traditional faiths from her previous place of employment," yet she denied Plaintiff the opportunity to practice his religion.

On April 19, 2010, members requested religious supplies from Defendant Littlejohns. No supplies were issued.

In June 2010, SCC issued a supplement to the Operations Manual concerning religious programs.  However,  Plaintiff contends that the procedure excluded many Asatru/Odonic requirements, was overbroad in denying vendors and denied outdoor areas for Asatru/Odonic services.

Plaintiff alleges that Defendant Chavez limited inmate property, but is unqualified to suggest what items are, or are not, sacred.

On November 22, 2010, a proposal was submitted to Defendant Wilkerson concerning guidelines for ordering spiritual practices.  The proposal was denied, and Plaintiff alleges that special purchase orders for religious orders were denied for frivolous reasons.  Plaintiff contends that other faiths do not have such problems.

On December 20, 2010, Defendant Littlejohns issued a memorandum regarding oils, but Plaintiff alleges that it is so ambiguous that it could be used to deny receipt of products.  Plaintiff contends that this was designed to cause undue confusion and discourage practitioners of the Asatru/Odonic faith from placing orders.

4

On June 6, 2011, Defendant Baldwin refused or failed to process a grievance concerning Asatru/Odonic religious rights.  Defendant Baldwin screened out the appeal in part because it was not signed, but he refused to allow an exhibit that explained the necessity of an outdoor area.

On July 20, 2011, Defendant Wilkerson responded to a grievance related to prisoners' rights to practice religion.  Defendant Wilkerson indicated that an outdoor area on C facility accommodates various groups that require outdoor activity.  An inmate requested a fire pit, but Defendant Wilkerson refused, citing safety and security concerns.

In September 2011, Defendant Lackner responded to a grievance, but the response was misleading because it suggested that the first level appeal was conducted properly.  Plaintiff contends that Defendant Lackner had the authority to remedy religious issues.

On October 25, 2012, Defendant Dickinson issued a memorandum related to inmate property and religious items.  Plaintiff contends that the memo violates equal protection because it prohibits "establishing new outdoor worship areas."  It also forces practitioners to give up religious items that are not listed in the property matrix.

On January 31, 2013, Doe 1, mailroom supervisors, refused to process legal mail addressed to Defendant Wilkerson that requested religious items.

On February 5 and 11, 2013, Defendant Baldwin refused to process grievances.  This impeded Plaintiff's right to redress grievances and exercise his religious beliefs.

On March 4, 2013, Defendant Wilkerson refused and/or failed to process a request for religious items that were allowed for Asatru/Odonic practitioners.  The denial indicated that the items were not allowed, though Plaintiff contends that the items were previously approved.  The denial of herbs and oils deprived Plaintiff of items necessary for religious practice.

On June 22, 2013, Defendant Hanson interrupted a service and insulted members by referring to their faith as a "bunch of nonsense."  Plaintiff alleges that Defendant Hanson said he would tell his supervisor to put an end to "blots" on the yard.

///

///

5

## II.    First Amendment

### A.    Establishment Clause

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so." Newdow v. Lefevre, 598 F.3d 638, 643 (9th Cir. 2010)(quoting Lynch v. Donnelly, 465 U.S. 668, 678 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120-21(9th Cir. 2002)(quotation marks and citations omitted). "The clearest command of the Establishment Clause is one that religious denomination cannot be officially preferred over one another." Larson v. Valente, 456 U.S. 228, 244 (1982). When the state action facially shows a preference for one religion over others, it must be analyzed under strict scrutiny. Id.; see also Hernandez v. Comm'r, 490 U.S. 680 (1989).

Here, Plaintiff contends that the denial of religious items, as well as the deprivation of funds to support the Asatru/Odonic religion, violates the Establishment Clause by endorsing mainstream religions. His allegations do not indicate, however, that the state is preferring mainstream religions over his faith. While Plaintiff's allegations do indicate that Defendants are taking (or not allowing) religious items necessary to practice his faith, but this does not support a finding that Defendants are *supporting* another faith. While there may be restrictions on items, such restrictions are inherent in a prison setting. "[A] prisoner retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Ashker v. California Dep't of Corr., 350 F.3d 917, 922 (9th Cir. 2003)(internal citations and quotations omitted).

That Defendants prohibited Plaintiff from certain activities on security grounds does not equate to an allegation that Defendants are expressing their preference for any particular religious belief. Plaintiff therefore fails to state a claim for relief under the Establishment Clause of the First Amendment.

///

6

**B.**      **Free Exercise Clause**

The First Amendment guarantees the right to free exercise of religion.  Cruz v. Beto, 405 U.S. 319, 323 (1972).  "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Turner v. Safley, 482 U.S. 78 (1987).   In order to establish a free exercise violation, a prisoner must show a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).

Regarding Plaintiff's allegations of denial of access to the chapel, the Court finds the allegations to be vague, and that they do not suggest a prolonged denial of chapel access. Plaintiff alleges the following:  That a chaplain was not present on December 9, 2008; That Defendant Littlejohns  cancelled two meetings in June 2009 because there was no sponsor; That "staff" refused to allow members to attend services on April 13, 2010.  Plaintiff contends that chapel access is an ongoing problem, but does not allege specific facts.  Plaintiff also alleges that on April 5, 2010, Defendant Littlejohns told members of Plaintiff's faith group that if they continued to curse during services, he would no longer sponsor them.

These allegations do not establish a substantial burden on Plaintiff's ability to practice his religion.  While Plaintiff alleges an ongoing problem relating to chapel access, his claim is conclusory and without sufficient factual support.  Moreover, while Plaintiff may prefer to have chapel access without a sponsor, or to be permitted to curse during services, the fact remains that Plaintiff is incarcerated and certain restrictions will be placed on his ability to practice religion. There is no indication that requiring a sponsor to be present during chapel services and/or refusing to permit swearing are not reasonably related to legitimate penological interests.

Regarding denial of access to outdoor worship spaced, Plaintiff alleges that Defendants Littlejohn and Wilkerson often denied requests for an outdoor worship area based on safety and security concerns.  In another instance, Plaintiff contends that Defendant Wilkerson responded to

a grievance by explaining that there was an outdoor worship area on C Facility to accommodate various religious groups that require outdoor religious activities.

Plaintiff's allegations fail to establish a substantial burden without any reasonable justification.  The facts alleged indicate that Plaintiff was advised that an outdoor area was available to all faiths, but that the request for a fire pit was denied on the ground of safety and security.

Regarding Plaintiff's allegations of disallowance of religious items, Plaintiff's allegations appear to relate to his disagreement with the specific restrictions placed on the items.  Plaintiff suggests that Defendant Chavez is unqualified to judge whether the items are sacred.  Plaintiff also claims of vague instances of limitations on packages and an instance where Defendant Doe 1 refused to mail a letter directed to Defendant Wilkerson.  These allegations do not demonstrate why any of the restrictions are a substantial burden without any reasonable justification.

## III.   **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

See Pub. L. No. 106-274, 114 Stat. 803 (2000)(codified at 42 U.S.C. § 2000cc-1).

RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion that the reasonableness standard under Turner ." Shakur , 514 F.3d at 888, citing Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).  The Supreme Court has noted "RLUIPA… protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 521 (2005).  RLUIPA defines

8

religious exercise to include "exercise of any religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); <u>San Jose Christian College v. City of Morgan Hill</u>, 360 F.3d 1024 (9th Cir. 2004).

42 U.S.C. § 2000cc-1.   Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs.  <u>Warsoldier,</u> 418 F.3d at 994-95.  A "substantial burden" is one that is "oppressive to a significantly great extent."  <u>Id</u>. at 995.  It "must impose a significantly great restriction or onus upon [religious] exercise."  <u>Id</u>.

For the same reasons discussed above, Plaintiff has failed to allege facts that establish a substantial burden on the practice of his religion.  The allegations are vague and establish, at most, an inconvenience with the practice of Plaintiff's religious belief.

**IV.** **<u>Equal Protection</u>**

"The Equal Protection Clause … is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985)(citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."  <u>Shakur v. Schriro</u>, 514 F.3d 878, 891 (9th Cir. 2008)(quoting <u>Cruz v. Beto</u>, 405 U.S. 319, 321-22 (1972)(per curiam).

To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups.  <u>Cruz</u>, 405 U.S. at 321-22; <u>Shakur</u>, 514 F.3d at 891; <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001).

Despite Plaintiff's claims, he has not alleged any facts indicating that any of the actions he complains of were taken *because* of his religion.  Plaintiff asserts the conclusory allegation that other religions don't have the same issues, but he fails to provide any facts to suggest that the actions of which he complains were taken because of *any* religion.   Plaintiff therefore fails to state an Equal Protection Clause claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.     State Law**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  <u>Acri v. Varian Assoc.Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial,  . . . the state claims should be dismissed as well.:  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Here, Plaintiff references various state employment laws and a violation of Article I, Section 4 of the California Constitution.  Article 1, Section 4 provides for the free exercise and enjoyment of religion without discrimination, as well as a prohibition against the establishment of religion.  The analysis under the California Constitution is the same as that under the Establishment Clause of the First Amendment.  <u>McCollum v. State of California</u>, 2006 WL 2263912, *7 (N.D. Cal. 2006).   Therefore, for the same reasons as noted above, Plaintiff fails to state a claim under the California Constitution.

Plaintiff may amend this claim, but is advised that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the deficiencies and states a claim.  28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

**VI.     Eleventh Amendment**

Plaintiff names as a Defendant the CDCR.  The Eleventh Amendment is a general bar against federal lawsuits brought against the state.  <u>Wolfson v. Brammer</u>, 616 F.3d 1045, 1065-66 (9th Cir. 2010)(citation and quotation marks omitted).  While "[t]he Eleventh Amendment does

not bar suits against a state for prospective relief," <u>Wolfson</u>, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, <u>e.g.</u>, <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Buckwalter v. Nevada Bd. of Medical Examiners</u>, 678 F.3d 737, 740 n.1 (9th Cir. 2012).   Thus, Plaintiff  may not maintain a claim against the CDCR.

**VII.    Defendants Beard and Doe 2**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009); <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010).   Liability may not be imposed under a theory of respondeat superior, and there must exist come causal connection between the conduct of each named defendant and the violation at issue.  <u>Iqbal</u>, 556 U.S. at 676-77; <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Plaintiff includes Defendants Beard and Doe 2 in the section where he lists the parties, but he does not include any factual allegations against them.  Plaintiff therefore fails to state a claim against them.

**VIII.   Appeals Process**

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  <u>George v. Smith</u>, 507 F.3d 605, 609 (7th Cir. 2007)(quotation marks omitted).  Because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, <u>Jett v. Penner</u>, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Plaintiff's allegations that Defendant Baldwin refused to process grievances on at least three occasions are insufficient to state a claim against him.  Plaintiff does not have a protected liberty interest in, or any right to, the processing of appeals, and therefore, he cannot pursue a claim with respect to the handling or resolution of his appeals.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003)(citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988)).

11

As to Defendant Lackner, Plaintiff's conclusory allegation that Defendant Lackner responded to a grievance and had the authority to remedy the religious issues is insufficient to support a plausible claim for relief.  Iqbal, 556 U.S. at 678-79.  Further, as noted, Plaintiff has not stated a viable claim based on the alleged religious issues.  Absent an allegation of facts sufficient to show that a violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying issue.

## IX.    **Rule 18**

Finally, the Court notes that Plaintiff alleges interference with his religious activity on multiple occasions, spanning from 2010 to 2013.  "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party."  Fed. R. Civ. P. 18(a).  Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees.  The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees.  28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint appears to include multiple unrelated claims against differing defendants.  Plaintiff clearly violates Rule 18(a) by including what appear to be multiple unrelated claims in this single filing.  Plaintiff will be given an opportunity to file a first amended complaint under this case number, wherein he is directed to plead/allege only related claims.  All unrelated claims should be brought in separate suits.  Plaintiff is advised that if he chooses to file a first amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

## X.      Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

13

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 10, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

14